UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ZEV YOURMAN,

                     Plaintiff,

               -against-

NEW YORK POLICE DEPARTMENT, POLICE
OFFICER J. DOE, and POLICE OFFICER
J. DOE #2,

                  Defendants.

--------------------------------------x

**MEMORANDUM & ORDER**
24-CV-6786 (EK)(CHK)

ERIC KOMITEE, United States District Judge:

       Plaintiff Zev Yourman brings this action against the New York City Police Department ("NYPD") and two John Doe officers.  Proceeding *pro se*, he alleges that the officers prevented him from distributing leaflets in a city park, and thereby violated his constitutional rights.  He also moves to proceed *in forma pauperis*.  That motion is granted, but the complaint is dismissed for failure to state a claim.

## I.  Background

       The following factual allegations are drawn from the complaint and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

       Plaintiff filed a form complaint.  In response to the prompt calling for "the facts underlying" his claim, plaintiff wrote one sentence: "The defendants prevented me from

distributing leaflets at a public political rally."  Compl. 5, ECF No. 1.  That sentence constitutes the pleading's only factual content, apart from the name of the park in which the event in question occurred — John Paul Jones Park — and the date "on or about" which it happened, October 3, 2023.  *Id.*  Yourman seeks $3 million in damages.  *Id.* at 6.

Relying on 42 U.S.C. § 1983, Yourman alleges violations of the First and Fifth Amendments.  *Id.* at 4.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[1]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not take "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint will be liberally construed to raise the strongest claim it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Moreover, district courts are required to dismiss an *in*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

*forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

Plaintiff brings this action pursuant to Rev. Stat. § 1979, Section 1983. That statute provides, in pertinent part, that persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who deprive another "of any rights, privileges, or immunities secured by the Constitution and laws," are liable to the injured party. The statute provides a method for vindicating federal rights elsewhere conferred, including under the Constitution. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). In order to maintain a Section 1983 action, a plaintiff must show the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.*

### A.    First Amendment

Yourman claims the defendants violated his rights to "freedom of speech, peaceably to assemble, [and] petition the government" under the First Amendment. Compl. 4; *see* U.S. Const. amend. I.

***NYPD and New York City.*** At the outset, plaintiff cannot sue the NYPD in its own name. Section 396 of the New

3

York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter Ch. 17, § 396.  That means the NYPD, "as distinct from the City itself, lack[s] the capacity to be sued."  *Ximines v. George Wingate High Sch.*, 516 F.3d 156 (2d Cir. 2008).  The claim against the NYPD is therefore dismissed.  *Hershey v. Goldstein*, 938 F. Supp. 2d 491 (S.D.N.Y. 2013).

Even if the Court construed plaintiff's Section 1983 claim as against New York City, the claim would fall short.  To state a Section 1983 claim against a municipality, a plaintiff must allege that his injury flowed from a "municipal custom or policy."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985).  Plaintiff alleges no such custom or policy here.

*Individual Officer Defendants.*  Plaintiff also does not state a claim against the individual officers.  First, the complaint states only that the "defendants" collectively prevented plaintiff from distributing leaflets, identifying no action or omission of any specific officer.  Compl. 5. Pleadings that "do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."  *Ying Li v. New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collecting cases); *Atuahene v. Hartford*, 10 F. App'x 33,

4

34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff]'s complaint failed to satisfy th[e] minimum [pleading] standard.").

Second, none of plaintiff's First Amendment theories are viable.  To determine whether plaintiff states a First Amendment speech claim, the court must examine "the statements in issue and the circumstances under which they [were] made to see whether or not they . . . are of a character which the principles of the First Amendment . . . protect."  *Piscottano v. Murphy*, 511 F.3d 247, 270 (2d Cir. 2007); *see also Salmon v. Blesser*, 802 F.3d 249, 255 (2d Cir. 2015) ("[P]laintiff must allege facts admitting a plausible inference that the defendant's actions restricted . . . speech or conduct protected by the First Amendment.").  When a plaintiff does not allege the contents of his speech or how it was restricted, he fails to state a claim under this standard.  *See, e.g.*, *Green v. City of New York*, No. 6-CV-1836, 2009 WL 3319356, at *8 (E.D.N.Y. Oct. 14, 2009) ("Plaintiff's allegation that he filed unspecified union grievances does not establish that his speech was protected under the First Amendment.").

Here, Yourman's complaint alleges only that he was "prevented from distributing leaflets," Compl. 5, but includes *no* factual allegations about the contents of the leaflets he was

distributing or how he was prevented from doing so. Accordingly, he has not stated a First Amendment speech claim.

The same standard applies to freedom of assembly claims, so that claim, too, must be dismissed. *See Johnson v. Perry*, 859 F.3d 156, 171 (2d Cir. 2017) (explaining that the "same analytical framework [applies] whether the First Amendment right being exercised is speech . . . or other 'expressive activity' such as assembly").

Finally, the First Amendment also protects the right to petition the government. To assert such a right, a plaintiff must allege that he took some action to "petition the Government for redress of grievances." *Franco v. Kelly*, 854 F.2d 584, 588 (2d Cir. 1988). Here, Yourman has not alleged any request that he made of the government, and thus has not adequately pled a claim.

Accordingly, the First Amendment claims against the individual officers are also dismissed.

**B.    Fifth Amendment**

While Yourman asserts a claim for "deprivation of liberty" pursuant to the Fifth Amendment, Compl. 4, he alleges no facts related to any such deprivation. Moreover, the Fifth Amendment applies only to actions by the federal government. *See Dusenbery v. United States,* 534 U.S. 161, 167 (2002). Since plaintiff has "not named the United States government or any

6

agency or employee thereof as a defendant," he "cannot rely on the Fifth Amendment" and his claim must be dismissed.  *Schinella v. Salem*, No. 19-CV-8931, 2024 WL 643169, at *6 (S.D.N.Y. Feb. 15, 2024).

Even if the Court were to construe this as a Fourteenth Amendment claim, it would not succeed.  To the extent he is alleging a substantive due process violation, Yourman must "allege (1) a valid liberty or property interest and (2) that defendants infringed on that interest in an arbitrary or irrational manner."  *20 Dogwood LLC v. Vill. of Roslyn Harbor*, No. 23-930, 2024 WL 1597642, at *1 (2d Cir. Apr. 12, 2024).  Plaintiff has not explicitly invoked any such interest.  And assuming Yourman's substantive due process claim relies on the same allegations as his First Amendment claim, his claim must be dismissed.  "[W]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process."  *557 Ent. Inc. v. City of New York*, No. 24-621, 2025 WL 1873473, at *4 (2d Cir. July 8, 2025).

If plaintiff were instead claiming a procedural due process violation, he would have to allege "(1) that [he] possessed a cognizable liberty interest, and (2) that the defendants deprived [him] of that same liberty without providing

7

process adequate to justify their actions." *Velez v. Levy*, 401 F.3d 75, 88 (2d Cir. 2005). Process generally requires notice and an opportunity to be heard. *Spinelli v. City of New York*, 579 F.3d 160, 169-70 (2d Cir. 2009). Apart from his First Amendment rights, however, Yourman identifies no cognizable liberty interest. Nor does he point to any process that he was due. Accordingly, he has not stated a procedural due process claim.

## IV.   Warning in Respect of Filing Injunction

The Court notes that Plaintiff has filed various actions in this district, several of which were dismissed *sua sponte* for failure to prosecute or under Section 1915.[2] "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Plaintiff is warned that this Court will not abide vexatious litigation. Further frivolous filings may result in the issuance of an order prohibiting Plaintiff from any future lawsuits in this Court without first obtaining leave of the Court.

---

[2] Plaintiff has filed the following actions in this Court: *Yourman v. Maisel*, No. 14-CV-1551; *Yourman v. Verizon*, No. 20-CV-336; *Yourman v. NYS*, No. 22-CV-4880; *Yourman v. Wildlife Conservation Society*, No. 24-CV-0337 (this action); *Yourman v. Columbia NY Presbyterian Hosp.*, No. 24-CV-3035 (transferred to SDNY); *Yourman v. New York Police (NYPD)*, No. 24-CV-6786; *Yourman v. Brooklyn Public Library et al.*, No. 24-CV-6787. He has also filed

## V.    Conclusion

For the foregoing reasons, the motion to proceed *in forma pauperis* is granted, but the complaint is dismissed without prejudice.

Plaintiff may, within thirty days of this order, file an amended complaint that corrects the deficiencies identified herein.  He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 24-CV-6786 (EK)(CHK).

No summons shall issue at this time and all further proceedings shall be stayed.  The Clerk of Court is directed to mail a copy of this order, along with a form complaint for violation of civil rights, to plaintiff and to note the mailing on the docket.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

---

several actions in the Southern District of New York: *Yourman v. Epstein, Becker, Green P.C. et al.*, No. 26-CV-00820 (filed in SDNY); *Yourman v. Metropolitan Transportation Authority et al.*, No. 20-CV-00779 (SDNY).

9

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     April 9, 2026
           Brooklyn, New York